VEDDER PRICE P.C.
Daniel C. Green
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700
Facsimile: (212) 407-7799

Douglas J. Lipke (*pro hac vice* application to be filed)
William W. Thorsness (*pro hac vice* application to be filed)
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone: (312) 609-7500
Facsimile: (312) 609-5005

*Attorneys for Plaintiff Citizens Asset Finance, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIZENS ASSET FINANCE, INC., <br><br> Plaintiff, <br><br> -against- <br><br> JUSTICE AVIATION, LLC, JAMES C. JUSTICE, II and JAMES C. JUSTICE COMPANIES, INC., <br><br> Defendants. | Case No. 17-CV- <br><br> ECF CASE |

## COMPLAINT

Plaintiff Citizens Asset Finance, Inc. f/k/a RBS Asset Finance, Inc. ("Lender"), by and through its counsel, and for its Complaint against Defendants Justice Aviation, LLC ("Borrower"), James C. Justice, II ("Guarantor") and James C. Justice Companies, Inc. ("JJC" and, collectively with Borrower and Guarantor, "Defendants"), hereby states as follows:

### THE PARTIES

1. Lender is a national banking association with offices across the country, including New York, and maintains its principal place of business in Providence, Rhode Island. Lender's

articles of association identifies that Lender's main office is located in Providence, Rhode Island. Lender financed the purchase of an Aircraft (defined below) to the Borrower.

2. Borrower is a West Virginia limited liability company and, upon information and belief, maintains its principal place of business at 106 Lockheed Drive, Beaver, West Virginia 25813.

3. Upon information and belief, Borrower's membership is limited to the following: (a) James C. Justice, III, an individual who, upon information and belief, resides in West Virginia; and (b) Jillean L. Justice, an individual who, upon information and belief, resides in West Virginia.

4. Guarantor is an individual who, upon information and belief, resides in West Virginia. Guarantor guaranteed the Borrower's obligations under the operative loan documents.

5. Upon information and belief, JJC is a Delaware corporation and maintains its principal place of business at 818 Eisenhower Drive, Beckley, West Virginia 25801. Upon information and belief, JJC is an affiliate of the Borrower and Guarantor. JJC leased the Aircraft from Borrower. JJC may be a junior creditor to the Borrower and is made a party hereto to the extent JJC claims security interests in the Aircraft and/or Lease Assignment (each defined below).

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because: (a) the controversy is between citizens of different states; and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. This Court has personal jurisdiction over each of the Defendants pursuant to Section 5-1402 of the New York General Obligations Law in that each of the Defendants consented to the jurisdiction of any state or federal court located in the State of New York.

8. Venue in this District is proper pursuant to the express forum selection clause contained within the operative loan documents.

**GENERAL ALLEGATIONS**

9. This case arises out of breaches of a loan and security agreement and a related guaranty stemming from Lender's agreement to finance an Aircraft to the Borrower.

10. Lender and Borrower entered into that certain Loan and Aircraft Security Agreement (S/N 22102), dated as of December 30, 2009 (as amended, supplemented, modified, or restated from time to time and in effect, the "Loan Agreement"), pursuant to which Lender made certain loans and other extensions of credit available to the Borrower, and the Borrower granted to Lender first priority liens on and security interests in, among other things, an Agusta SpA model A109S helicopter bearing U.S. Registration Mark N54JJ and manufacturer's serial number 22102 (the "Airframe"), two (2) Pratt and Whitney Canada model PW207C helicopter engines bearing manufacturer's serial numbers PCE-BH0273 and PCE-BH0277 (together, the "Engines" and, collectively with the auxiliary power unit, all records, accessories, additions, accessions, alterations, modifications, parts, repairs, attachments, replacements, substitutions and exchanges (including trade-ins) for any of the foregoing, the "Aircraft") to secure all obligations and amounts due and owing to Lender (the "Obligations"). A true and correct copy of the Loan Agreement is attached hereto and incorporated by reference herein as **Exhibit A**.

11. To further secure the Obligations due and owing Lender by Borrower under the Loan Agreement, on or about December 30, 2009, the Borrower executed that certain Promissory Note in the original principal sum of $6,600,000 (as amended, supplemented, modified, or restated from time to time and in effect, the "Note"). A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Exhibit B**.

12. To further secure the Obligations due and owing Lender by Borrower under the Loan Agreement, the Guarantor executed that certain Guaranty dated as of December 30, 2009 in favor of Lender (as amended, supplemented, modified, or restated from time to time and in effect, the "Guaranty"). As set forth therein, the Guaranty is absolute and unconditional, and guarantees all payment and performance obligations of the Borrower under the Loan Agreement and the Note. A true and correct copy of the Guaranty is attached hereto and incorporated by reference herein as **Exhibit C**. Lender relied upon the Guaranty and, in consideration for the Guaranty, entered into the Loan Agreement.

13. In addition, pursuant to that certain Consent to Aircraft Lease and Assignment between and among Lender, Borrower and JJC, dated as of December 30, 2009 (as amended, supplemented, modified, or restated from time to time and in effect, the "Lease Assignment" and, together with the Loan Agreement, the Note, the Guaranty and all other related documents, the "Loan Documents")[1], the Lender consented to Borrower's leasing of the Aircraft to JJC. A true and correct copy of the Lease Assignment is attached hereto and incorporated by reference herein as **Exhibit D**. In consideration for its consent, the Lease Assignment granted additional security interests to the Lender, the subject lease (and JJC's interests) was subordinate to the Lender's interests under the other Loan Documents, the Borrower remained liable for the Obligations and granted Lender the right to collect lease payments directly from JJC upon default.

14. Prior to the maturity of the Note, the Borrower and the Guarantor defaulted on the Loan Documents by, among other things, failing to perform certain obligations and covenants under the Loan Documents. Prior to the maturity of the Note, the Lender notified the Borrower

---

[1] Capitalized terms used and not otherwise defined herein shall have the same meaning ascribed to such terms in the Loan Documents.

and the Guarantor of these defaults under the Loan Documents, demanded that the Borrower and Guarantor cure all defaults, and reminded the Borrower and Guarantor of Lender's rights and remedies under the Loan Documents.

15. Notwithstanding the defaults described above (the "Initial Defaults"), the Lender and the Defendants negotiated and entered into that certain Forbearance Agreement, dated as of January 11, 2017 (the "Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto and incorporated by reference herein as **Exhibit E**.

16. Pursuant to the Forbearance Agreement, Defendants acknowledged and admitted, among other things, the existence of the Initial Defaults and their liability to Lender under the Loan Documents. (*See* Exhibit E ¶¶ C, D.). As of January 4, 2017, Defendants' admitted these Obligations were no less than $4,283,631.73.

17. Moreover, pursuant to the Forbearance Agreement, the Defendants acknowledged that the Loan Documents constitute legal, valid and binding obligations enforceable by Lender in accordance with their respective terms against the Defendants, and also reaffirmed their respective obligations thereunder and waived any defenses thereto. (*See* Exhibit E ¶¶ 3, 11.)

18. In addition, pursuant to the Forbearance Agreement, the Defendants also agreed that they would not dispute the validity, priority, enforceability or extent of Lender's security interests in, and first-priority liens on, the Aircraft in any judicial, administrative or other proceeding, either during or following the termination or expiration of the Forbearance Period (as that term is defined in the Forbearance Agreement). (*See* Exhibit E ¶¶ 3(e), 11.) Moreover, the Defendants also acknowledged broad releases and their respective agreements to indemnify Lender from all Claims (as that term is defined in the Forbearance Agreement) related to, among

other things, the Loan Documents and/or the Forbearance Agreement, either during or following the termination or expiration of the Forbearance Period.

19. Pursuant to the Forbearance Agreement, Lessees also admitted that the Lender has the rights to exercise all other rights, powers and remedies provided to the Lender under the Loan Documents and/or at law, in equity and/or by statute, and acknowledged that the Lender did not waive any of the Initial Defaults, including following the termination or expiration of the Forbearance Period.  (*See* Exhibit E ¶¶ E, 3(a), (f), 9, 13.)

20. The forbearance under the Forbearance Agreement expired on its own terms no later than May 31, 2017.

21. Thereafter, Lender (i) notified the Borrower and Guarantor of the continuing existence of the Initial Defaults, as well additional defaults (including, but not limited to, Debtor's failing to pay amounts due and owing under the Loan Documents) and (ii) demanded that they pay the Lender for all amounts due under the Loan Documents.  In addition, by letter dated September 6, 2017, Lender again notified the Borrower and Guarantor of the defaults under the Loan Documents.  A true and correct copy of the September 6, 2017 letter is attached hereto and incorporated by reference herein as **Exhibit F**.

22. Despite repeated demands, the Borrower and Guarantor have failed to pay the Lender all amounts due under the Loan Documents.

23. In addition, the Defendants continue to use the Aircraft and have not made a payment to the Lender since April 2017.

24. The Loan Documents contain consensual choice of law, jurisdiction and forum selection clauses, providing that the Loan Documents are to be construed under New York law,

and providing that any disputes involving the Loan Documents be heard in a court in New York. (*See* Exhibit A ¶¶ 8.6-8.7.)

## COUNT I – BREACH OF THE LOAN DOCUMENTS
(AGAINST BORROWER)

25. The Lender repeats and realleges Paragraphs 1 through 24 of this Complaint as and for this Paragraph 25, as if fully set forth herein.

26. The Loan Documents executed by the Borrower in favor of the Lender constitute a valid and enforceable contract between the Lender and the Borrower.

27. The Borrower is in breach of the Loan Documents, as set forth above. The Borrower (and all of the Defendants) have admitted to these breaches in the Forbearance Agreement.

28. Despite the Lender's demands for payment, the Borrower has failed and refused to pay to the Lender the aggregate amount of its Obligations owing to the Lender under the Loan Documents.

29. Despite repeated demands, the Borrower has failed to pay the Lender all amounts due under the Loan Documents, including the Obligations owing to Lender for, among other things: (a) principal in the amount of $4,006,038.83; (b) accrued interest (through August 31, 2017) in the amount of $82,945.03; (c) late charges in the amount of $201,313.47; (d) additional interest (accruing in the amount of $674.35 per diem after August 31, 2017) and (e) attorneys' fees.

30. As a direct and proximate result of the Borrower's breaches of the Loan Documents, the Lender has suffered damages (and continues to suffer damages) in an amount not less than $4,290,297.33 as of August 31, 2017, in addition to all costs, charges and expenses,

including attorneys' fees, accrued (and accruing) through and after the date set forth above, and all other amounts due under the Loan Documents.

**WHEREFORE**, Plaintiff Citizens Asset Finance, Inc. f/k/a RBS Asset Finance, Inc. prays for judgment in its favor and against Defendant Justice Aviation, LLC in the amount of not less than $4,290,297.33, in addition to all costs, charges and expenses, including attorneys' fees, accrued (and accruing) through and after the dates set forth above, all other amounts due under the Loan Documents, and such other and further relief as this Court shall deem just and appropriate.

### COUNT II – BREACH OF GUARANTY
(AGAINST GUARANTOR, INDIVIDUALLY)

31. The Lender repeats and realleges Paragraphs 1 through 24 of this Complaint as and for this Paragraph 31, as if fully set forth herein.

32. The Guaranty executed by the Guarantor in favor of the Lender constitutes a valid and enforceable contract between the Lender and the Guarantor.

33. The Guarantor is in breach of the Guaranty, as set forth above. The Guarantor (and all of the Defendants) have admitted to these breaches in the Forbearance Agreement.

34. Despite the Lender's demands for payment, the Guarantor has failed and refused to pay to the Lender the aggregate amount of his respective obligations owing to the Lender under the Guaranty.

35. Despite repeated demands, the Borrower has failed to pay the Lender all amounts due under the Guaranty, including the Obligations owing to Lender for, among other things: (a) principal in the amount of $4,006,038.83; (b) accrued interest (through August 31, 2017) in the amount of $82,945.03; (c) late charges in the amount of $201,313.47; (d) additional interest (accruing in the amount of $674.35 per diem after August 31, 2017) and (e) attorneys' fees.

36. As a direct and proximate result of the Guarantor's breaches of the Guaranty, the Lender has suffered damages (and continues to suffer damages) in an amount not less than $4,290,297.33 as of August 31, 2017, in addition to all costs, charges and expenses, including attorneys' fees, accrued (and accruing) through and after the date set forth above, and all other amounts due under the Loan Documents.

**WHEREFORE**, Plaintiff Citizens Asset Finance, Inc. f/k/a RBS Asset Finance, Inc. prays for judgment in its favor and against Defendant James C. Justice, II in the amount of not less than $4,290,297.33, in addition to all costs, charges and expenses, including attorneys' fees, accrued (and accruing) through and after the dates set forth above, all other amounts due under the Loan Documents, and such other and further relief as this Court shall deem just and appropriate.

### COUNT III – FORECLOSURE
(AGAINST THE BORROWER AND JJC)

37. The Lender repeats and realleges Paragraphs 1 through 24 of this Complaint as and for this Paragraph 37, as if fully set forth herein.

38. The Lender is the legal owner and holder of the Loan Documents, which are valid and enforceable contracts.

39. The Defendants are currently in default under the terms of the Loan Documents, as more fully detailed above, and admitted to within the Forbearance Agreement.

40. The Lender has performed all of the terms, conditions, and covenants required to be performed by Lender under the Loan Documents, and all conditions precedent for the maintenance of this action have been performed, satisfied or waived.

41. Pursuant to the Loan Documents, including various filings with the Federal Aviation Administration, the International Registry and applicable law, Lender holds a first

priority security interest and lien on the Aircraft (and the Borrower's rights that exist pursuant to any lease presently existing between the Borrower and JCC, the "Lease")) and is entitled to foreclose upon and liquidate the Aircraft and all Borrower's rights in the Lease.

42. The Lender has a superior right to possession of the Aircraft and all of Borrower's rights in the Lease, including over any rights claimed by Borrower and/or JJC.

43. As a direct and proximate result of the Borrower's and Guarantor's breaches of the Loan Documents, the Lender has suffered damages (and continues to suffer damages) in an amount not less than $4,290,297.33 as of August 31, 2017, in addition to all costs, charges and expenses, including attorneys' fees, accrued (and accruing) through and after the date set forth above, and all other amounts due under the Loan Documents.

**WHEREFORE**, Plaintiff Citizens Asset Finance, Inc. f/k/a RBS Asset Finance, Inc. prays for judgment in its favor and against Defendants Justice Aviation, LLC and James C. Justice, II for a judgment of foreclosure allowing the Lender to assert its remedies with respect to the Aircraft including, but not limited to, allowing the Lender to proceed with a foreclosure sale of the Aircraft and of Borrower's rights in the Lease under the Uniform Commercial Code, and such other and further relief as this Court shall deem just and appropriate.

Dated: New York, New York.
September 19, 2017

Respectfully submitted,

**VEDDER PRICE P.C.**

By: /s/ Daniel C. Green
Daniel C. Green
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700
Facsimile: (212) 407-7799

Douglas J. Lipke
(*pro hac vice* application to be filed)
William W. Thorsness
(*pro hac vice* application to be filed)
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone: (312) 609-7500
Facsimile: (312) 609-5005

*Attorneys for Plaintiff*
*CITIZENS ASSET FINANCE, INC.*