UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Citizens Asset Finance, Inc., <br><br> Plaintiff, <br><br> -v- <br><br> Justice Aviation, LLC *et al.*, <br><br> Defendants. | 17Civ.07115(AJN) <br><br> **Answer of All Defendants and the Counterclaim Justice Aviation LLC** <br> *Electronically Filed* |

**********

Defendants, Justice Aviation, LLC ("JA"), James C. Justice, II, and James C. Justice Companies, Inc. ("JJC"), by counsel, for their answer to the complaint of Plaintiff Citizens Asset Finance, Inc. ("Citizens"), state as follows, and Justice Aviation LLC, for its counterclaim, states as follows:

**Answer**

1. The defendants are without sufficient information to form a belief with regard to the averments of paragraphs 1, 9, 14, 22, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, and 39 of Citizens' complaint, and therefore deny same.

2. JA admits that it is a limited liability company. Defendants are without sufficient information to form a belief with regard to any other averment in paragraph 2 of Citizens' complaint.

3. Defendants deny the averments of paragraphs 3, 40, 41, and 42 of Citizens' complaint.

4. With regard to the averments of paragraph 4 of Citizens' complaint, James C. Justice II admits that James C. Justice II is a resident of West Virginia. Defendants are without sufficient information to form a belief with regard to any other averments in paragraph 4 of Citizens' complaint.

5. With regard to the averments of paragraph 5 of Citizens' complaint, defendants admit that JCC is a Delaware corporation and that JCC leased the Aircraft, as defined in the complaint,

from JA. Defendants are without sufficient information to form a belief with regard to any other averment in paragraph 5 of Citizens' complaint.

6. The averments of paragraphs 6, 7, and 8 of Citizens' complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, defendants are without sufficient information to form a belief with regard to any other averment in paragraphs 6, 7, and 8 of Citizens' complaint.

7. With regard to the averments of paragraphs 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 23, and 24 of Citizens' complaint, the defendants admit, to the extent accurately quoted, that the textual references in the averments are contained in the documents attached as exhibits. Defendants are without sufficient information to form a belief with regard to any other averments in these paragraphs, specifically including the authenticity or enforceability of any document quoted, referenced, or attached.

8. Defendants specifically deny any averment not specifically admitted.

## Counterclaim of Justice Aviation, LLC

9. The contract between JA and Citizens requires JA to obtain Citizens' consent before selling the aircraft.

10. The contract between JA and Citizens includes an implied covenant of good faith and fair dealing.

11. In an effort to minimize potential exposure to Citizens, in 2017 JA began investigating the possibility of selling the Aircraft on the secondary market and using the proceeds to pay down its obligation to Citizens.

12. The secondary market for helicopters is fluid and fast moving, with aircraft becoming available regularly and decisions about purchases made quickly.

13. On July 6, 2017, JA received a written, signed offer to purchase the Aircraft for $2.2 million, on cash terms. In order to accept and complete the sale, JA needed Citizens' agreement to sell the Aircraft.

14. On July 6, JA advised counsel for Citizens of its receipt of the offer and requested Citizens' consent.

15. Although Citizens' counsel responded to the email, counsel made no reference to the offer nor did counsel indicate that Citizens would consent to the sale.

16. JA again requested Citizens counsel to obtain Citizens' consent to sell the helicopter on July 11. This time, counsel for Citizens followed up on the email with specific inquiries.

17. On July 12, counsel for Citizens communicated Citizens' consent to the offer.

18. Unfortunately, by July 12, the offeror had decided to pursue another aircraft and had rescinded the offer.

19. Subsequently, Citizens provided consent to a sale of the aircraft for $2.1 million. That sale closed.

20. As a result of the lower sale price for the Aircraft, Citizens has increased its demands against the defendants, including JA.

21. Citizens had an obligation not to act unreasonably in its performance of its contract with JA.

22. By failing to promptly determine whether it would consent to the $2.2 million sale, Citizens breached its duty of good faith and fair dealing in its agreements with JA, and JA has been damaged as a result.

WHEREFORE, having fully responded to the Citizens Asset Finance, Inc.'s complaint and having set forth Justice Aviation LLC's counterclaim, the defendants respectfully request:

A. That Citizens' complaint be dismissed as to all defendants;

B. That Justice Aviation LLC be granted judgment on its counterclaim against Citizens;

C. For trial by jury on all issues so triable;

D. Leave to amend this answer and counterclaim upon completion of reasonable discovery; and

E. For all of the relief to which the defendants are now or hereinafter could be entitled.

Date: November 10, 2017          Respectfully submitted,


        /s/ Laurence J Zielke
        Laurence J. Zielke
        John H. Dwyer, Jr.
        Zielke Law Firm, PLLC
        462 S. Fourth Street, Suite 1250
        Louisville, KY 40202
        (502) 589-4600 / (502) 584-0422
        lzielke@zielkefirm.com
        jdwyer@zielkefirm.com

**Certificate of Service**

A true and accurate copy of the foregoing has been served through the Court's electronic filing system, on November 10, 2017, to the following:

Daniel C. Green
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Douglas J. Lipke
William W. Thorsness
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601


        /s/ Laurence J. Zielke
        Laurence J. Zielke