# VedderPrice

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

April 2, 2018

Daniel C. Green
Associate
+1 212 407 7735
dgreen@vedderprice.com

**VIA ECF**

Hon. Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

Re:   Citizens Asset Finance, Inc. v. Justice Aviation, LLC, et al., 17-CV-07115-AJN

Your Honor:

This firm represents the plaintiff Citizens Asset Finance, Inc. ("Citizens") in the above-captioned action. We write, pursuant to Rule 3.G of the Court's Individual Practices, to request a pre-motion conference in connection with a motion for summary judgment that we wish to file prior to the close of discovery. We contend that the admissions contained within the Answer of defendants Justice Aviation, LLC (the "Borrower") and James C. Justice, II (the "Guarantor") and the responses to the Requests for Admission of those defendants (the "Defendants")[1] resolve all potential issues of fact and eliminate the need for depositions.

This is an extremely simple case arising from the breach of a loan and security agreement (the "Loan Agreement") and a guaranty (the "Guaranty") relating to the purchase of an aircraft (the "Aircraft") by the Borrower. Citizens and the Borrower entered into the Loan Agreement, pursuant to which Citizens financed the Borrower's purchase of the Aircraft. In addition to granting a first lien to Citizens upon the Aircraft, the financing was secured by the Borrower's execution of a promissory note (the "Note," with the Loan Agreement and the Guaranty, the "Loan Documents") in favor Citizens, and the Guarantor's execution of an absolute and unconditional Guaranty of the Borrower's obligations thereunder.

Prior to the maturity of the Note, the Borrower and the Guarantor both defaulted on their obligations under the Loan Documents. Citizens and the Defendants then entered into a forbearance agreement (the "Forbearance Agreement") under which the Defendants acknowledged and admitted the existence of the initial defaults and their precise liability to Citizens under the Loan Documents. The Defendants also acknowledged that the Loan Documents constituted legal, valid, binding and enforceable obligations, and waived all defenses and objections to their enforceability. However, the Borrower and the Guarantor failed to subsequently remedy the initial defaults, instead further defaulting and failing to make any payments to Citizens after April of 2017 (despite their continued use of the Aircraft), which occasioned the current action.

---

[1] A third defendant, James C. Justice Companies, Inc., was named in connection with Citizens' now-moot claim for foreclosure, but would not be the subject of the contemplated motion.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

Hon. Alison J. Nathan
April 2, 2018
Page 2

Ultimately, the Aircraft was sold by the Borrower, with the Defendants' obligations to Citizens being reduced by the sale price. Despite the sale, a multimillion dollar balance remains owing.

In their recent responses to Citizens' Requests for Admission, Defendants acknowledged the authenticity of the Loan Documents and the Forbearance Agreement. And in their Answer to the Complaint, they have failed to raise a single defense to the enforceability of such agreements. Indeed, the only defense that they have raised is a purported "counterclaim" that Citizens violated the implied covenant of good faith and fair dealing in failing to agree to the sale within an arbitrary 6-day window of time, thus resulting in a sale price $100,000 less than Defendants might otherwise have been able to realize. However, this "counterclaim" is defective as a matter of law, because: 1) the implied duty of good faith and fair dealing cannot be used to create additional contractual terms that simply do not exist; 2) Citizens' supposed "breach" did not, in fact, deny Defendants the benefit of the contracts at issue; and 3) Defendants have already waived any such claim or defense. Accordingly, Citizens moved for dismissal of the counterclaim in a motion that is now fully briefed (see ECF Docket Nos. 31, 32, 36 & 38). Furthermore, documents subsequently produced by Defendants confirm that the counterclaim is factually insupportable, and Citizens believes that the counterclaim could be disposed of on summary judgment via these documents in the event that its motion to dismiss is denied. Finally, the counterclaim does not in any way implicate the question of Defendants' ultimate liability, going only to the quantum of damages, and so does not serve as a bar to summary judgment.

Accordingly, in light of Defendants' authentication of the operative documents and their failure to raise any defense to such documents' enforceability, Citizens contends that the matter is now ripe for summary judgment. Conducting depositions would needlessly increase the expenses of litigation and delay resolution, particularly given the fact that likely witnesses are located in at least two states other than New York. We therefore respectfully request that the Court schedule a pre-motion conference, as contemplated by its Individual Practices. We further respectfully request that such conference occur telephonically due to the fact that principal trial counsel for both Citizens and the Defendants are located outside of the State of New York.

We thank the Court in advance for its consideration in this matter.

Respectfully submitted,

Daniel C. Green

cc: Douglas J. Lipke (Via ECF)
William W. Thorsness (Via ECF)
Laurence J. Zielke (Via ECF)
John H. Dwyer, Jr. (Via ECF)