# VedderPrice

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

**Denied.**

April 2, 2018

SO ORDERED: 4/5/18

[signature]

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Daniel C. Green
Associate
+1 212 407 7735
dgreen@vedderprice.com

**VIA ECF**

Hon. Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 6 2018

Re: Citizens Asset Finance, Inc. v. Justice Aviation, LLC, et al., 17-CV-07115-AJN

Your Honor:

This firm represents the plaintiff Citizens Asset Finance, Inc. ("Citizens") in the above-captioned action. We write, pursuant to Rule 3.G of the Court's Individual Practices, to request a pre-motion conference in connection with a motion for summary judgment that we wish to file prior to the close of discovery. We contend that the admissions contained within the Answer of defendants Justice Aviation, LLC (the "Borrower") and James C. Justice, II (the "Guarantor") and the responses to the Requests for Admission of those defendants (the "Defendants")[1] resolve all potential issues of fact and eliminate the need for depositions.

This is an extremely simple case arising from the breach of a loan and security agreement (the "Loan Agreement") and a guaranty (the "Guaranty") relating to the purchase of an aircraft (the "Aircraft") by the Borrower. Citizens and the Borrower entered into the Loan Agreement, pursuant to which Citizens financed the Borrower's purchase of the Aircraft. In addition to granting a first lien to Citizens upon the Aircraft, the financing was secured by the Borrower's execution of a promissory note (the "Note," with the Loan Agreement and the Guaranty, the "Loan Documents") in favor Citizens, and the Guarantor's execution of an absolute and unconditional Guaranty of the Borrower's obligations thereunder.

Prior to the maturity of the Note, the Borrower and the Guarantor both defaulted on their obligations under the Loan Documents. Citizens and the Defendants then entered into a forbearance agreement (the "Forbearance Agreement") under which the Defendants acknowledged and admitted the existence of the initial defaults and their precise liability to Citizens under the Loan Documents. The Defendants also acknowledged that the Loan Documents constituted legal, valid, binding and enforceable obligations, and waived all defenses and objections to their enforceability. However, the Borrower and the Guarantor failed to subsequently remedy the initial defaults, instead further defaulting and failing to make any payments to Citizens after April of 2017 (despite their continued use of the Aircraft), which occasioned the current action.

---

[1] A third defendant, James C. Justice Companies, Inc., was named in connection with Citizens' now-moot claim for foreclosure, but would not be the subject of the contemplated motion.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.